**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS H. RATLIFF, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO CLEARING SERVICES, LLC, <br><br> Defendant. | Case No. _____ <br><br> **MOTION TO CONFIRM ARBITRATION AWARD AND MEMORANDUM IN SUPPORT** |

COMES NOW Plaintiff Thomas H. Ratliff, by and through undersigned counsel, and moves under 9 U.S.C. §§ 9 and 13 to confirm the final arbitration award in FINRA Arbitration No. 24-01024 and to enter judgment against Defendant Wells Fargo Clearing Services, LLC ("WFCS"). In support, Plaintiff states as follows:

**PARTIES**

1.      Plaintiff is a natural person, a citizen of Tennessee, and is domiciled in Davidson County, Tennessee.

2.      WFCS is a limited liability company with its principal place of business and headquarters at One North Jefferson Avenue, St. Louis, Missouri. WFCS's sole member is Wachovia Securities Financial Holdings, LLC, a limited liability company whose sole member is EVEREN Capital Corporation. EVEREN Capital Corporation is incorporated in Delaware and has its principal place of business in Charlotte, North Carolina. WFCS is therefore a citizen of Delaware and North Carolina. No member of WFCS, at any level of its ownership chain, is a citizen of Tennessee.

1

## JURISDICTION AND VENUE

3.     The amount in controversy exceeds $75,000.00, excluding interest and costs.

4.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). The Federal Arbitration Act supplies the confirmation procedure, 9 U.S.C. §§ 9 and 13, but does not independently confer federal subject-matter jurisdiction; the independent jurisdictional basis appears on the face of this Motion. *See Badgerow v. Walters*, 596 U.S. 1, 4, 9–11 (2022); *Hursh v. DST Systems, Inc.*, 54 F.4th 561, 564–65 (8th Cir. 2022).

5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because WFCS's principal place of business and headquarters are located at One North Jefferson Avenue, St. Louis, Missouri, within the Eastern District of Missouri, and WFCS is subject to personal jurisdiction here. The FAA's venue provisions are permissive. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000); *see also Daimler AG v. Bauman*, 571 U.S. 117 (2014).

## BACKGROUND

6.     Plaintiff and WFCS each executed a FINRA Submission Agreement. Each party agreed to abide by and perform any award and agreed that "a judgment and any interest due thereon, may be entered upon such award(s)." True and correct copies are attached as Exhibits B and C. *See* 9 U.S.C. § 9; *PVI, Inc. v. ratiopharm GmbH*, 135 F.3d 1252, 1254 (8th Cir. 1998).

7.     The arbitration concerned WFCS's Form U5 language, the related claims described in paragraph 15 below, and WFCS's promissory note counterclaim. A four-day evidentiary hearing was held May 19–22, 2026. On June 16, 2026, the Panel issued a unanimous final award (the "Award"), attached as Exhibit A.

8.     The Award directs WFCS to pay Plaintiff $3,000,000.00 in compensatory damages, with interest at the Tennessee statutory judgment rate of 8.75% per annum from the date the Award is served through and including the date WFCS pays the Award in full. The Award permits a setoff for the amounts awarded to WFCS on its counterclaim.

9.     The Award separately grants Form U-5 relief "based on the defamatory nature of the information." It contains no allocation of the $3,000,000.00 to any payroll category and contains no payroll or tax-withholding directive. The separate Brandstater award has been paid and is not at issue here.

10.     No party has filed or served a motion to vacate, modify, or correct the Award. Under FINRA Rule 13904, payment was due no later than July 16, 2026. Plaintiff received no payment by that deadline.

11.     On July 10, 2026, WFCS stated that it was willing to treat the Award as non-wage damages if Plaintiff executed a tax indemnification, and it requested a signed Form W-9 and wiring instructions. Plaintiff supplied the signed Form W-9 and wiring instructions but did not agree to the requested indemnification. On July 15, 2026, WFCS announced that it would instead process employment-tax withholding from a "significant portion" of the Award and issue checks rather than a wire. Exhibits E and F.

12.     WFCS thereafter generated a payroll statement dated July 17, 2026. The statement classified the entire $3,000,000.00 as a "Back Wage Settlement," recorded $1,186,533.25 in employee-tax withholding, deducted $1,018,265.80 after tax for note principal and interest, and reflected a net payroll check of $795,200.95. Exhibit D.

13.     On July 21, 2026—five days after the deadline—Plaintiff's counsel received an overnight package shipped by WFCS on July 20. It contained a payroll check in the amount of

$795,200.95, identified by WFCS's transmittal letter and payroll statement as Check No. 9793; the reverse image also bears the number 64849328. The package also contained a separate Award-interest check in the amount of $26,609.60, Check No. 1011293864, the payroll statement, and WFCS's transmittal letter. Solely for purposes of this Motion, Plaintiff gives WFCS full credit for both instruments at their face amounts, without accepting WFCS's payroll characterization or conceding that the claimed withholding satisfied any portion of the Award. Ratliff Decl. ¶¶ 6–9; Exhibits D and G.

14.    Plaintiff does not ask the Court in this summary proceeding to determine the ultimate federal or state tax treatment of the Award. The question is whether WFCS's unilateral payroll classification and withholding satisfied the Award as written.

15.    As to WFCS, the arbitration presented claims for defamation and libel, interference with business relationships, and retaliatory discharge; the Panel entered a single, unallocated compensatory award of $3,000,000.00 against WFCS and separately entered an award against Brandstater on the loan claim. The Award expressly identifies the defamatory nature of the Form U-5 information as the basis for the Form U-5 relief, but it nowhere finds that any portion of the $3,000,000.00 replaced wages, and it identifies no wage formula, payroll component, or withholding methodology. On July 15, 2026, WFCS stated that it would withhold from a "significant portion" of the Award. Two days later, its payroll statement classified one hundred percent of the Award as a "Back Wage Settlement."

16.    Solely for purposes of this Motion, Plaintiff credits WFCS with the entire $1,018,265.80 setoff reflected on its payroll statement, without conceding the characterization or calculation of any component. Plaintiff likewise credits the $795,200.95 payroll check at its full-

4

face amount. After those credits, $1,186,533.25 of the $3,000,000.00 principal Award remains unpaid. Ratliff Decl. ¶¶ 9–10; Exhibit H.

17.     The separate $26,609.60 interest check is credited as Award interest through July 23, 2026. Award interest resumes on July 24, 2026 at $719.18 per day—8.75% per annum on the $3,000,000.00 principal sum ($3,000,000.00 × 0.0875 ÷ 365 = $719.18)—which the Award directs to run "through and including the date WFCS pays the Award in full." Exhibit H.

## ARGUMENT

## I.     THE COURT MUST CONFIRM THE AWARD.

18.     Section 9 provides that the Court "must grant" confirmation unless the Award has been vacated, modified, or corrected under 9 U.S.C. §§ 10 or 11. Those statutory grounds are exclusive. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008); *Domino Grp., Inc. v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 420 (8th Cir. 1993). The Award has not been vacated, modified, or corrected, and no party has filed or served a motion seeking that relief.

19.     The parties' FINRA Submission Agreements expressly authorize entry of judgment on the Award and satisfy the consent-to-judgment requirement of § 9. Exhibits B and C. Confirmation is therefore required.

20.     Claimed payment is not grounds for vacatur, modification, or correction under §§ 10 or 11. Confirmation converts the Award into a judgment with the same force and effect as a judgment in an action. 9 U.S.C. § 13.

## II.     WFCS HAS NOT SATISFIED THE AWARD IN FULL.

21.     WFCS is entitled to the credits Plaintiff gives for purposes of this Motion. It is not entitled to a further $1,186,533.25 satisfaction credit merely because its payroll statement labeled

5

that amount as tax withholding. WFCS has not paid that amount to Plaintiff, and its unilateral classification of the entire Award as wages did not alter the Award's command or discharge the unpaid balance. WFCS's July 10, 2026 offer to treat the Award as non-wage damages in exchange for a tax indemnification also undermines any claim that withholding of the entire Award was legally compelled. Exhibit E.

22.    The closest decisions—persuasive authority from other federal district courts— uniformly reject this form of unilateral withholding. *Hudson v. Merrill Lynch International Finance, Inc.* confirmed the full, unallocated FINRA damages award to a financial advisor despite Merrill Lynch's wage-withholding claim, explaining that "ambiguity in the reasons for the award must not be mistaken for ambiguity in the award itself," and leaving any tax obligation to the claimant. No. 12-052, 2012 WL 5877960, at *3 (E.D. La. Nov. 20, 2012). *Pyne v. IMG College, LLC* held that the dispute remained live even after the employer remitted the withheld sums to the IRS; withholding was an "impermissible, unilateral modification of the arbitration award," and the employer was ordered to pay the award in full. No. 8:14-cv-340-T-17EAJ, Doc. 46, at 5–7 (M.D. Fla. Nov. 7, 2014). *Pyne* further held that the employer's good-faith belief that withholding was required did not change the result. That approach follows the Supreme Court's rule that arbitrators need not explain their reasons and ambiguity in an accompanying opinion is not a basis to refuse enforcement. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598 (1960).

23.    The Court need not determine the Award's ultimate tax treatment. It may confirm the Award as written, apply the conceded setoff and check credits, decline to treat the $1,186,533.25 withholding entry as satisfaction, and enter judgment for the unpaid principal

balance of $1,186,533.25, together with Award interest of $719.18 per day from July 24, 2026 through entry of judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Confirm the June 16, 2026 Award in FINRA Arbitration No. 24-01024 under 9 U.S.C. § 9 as between Plaintiff and WFCS;

B. Enter judgment in favor of Plaintiff and against WFCS for the $3,000,000.00 awarded to Plaintiff, together with Award interest as stated in the Award;

C. Credit against the judgment the Award-authorized setoff in the amount of $1,018,265.80;

D. Solely for purposes of this Motion, credit against the judgment the full-face amount of the $795,200.95 payroll check and the $26,609.60 Award-interest check according to their respective purposes, without accepting WFCS's payroll characterization or conceding that the claimed withholding satisfied any portion of the Award;

E. Find that the Award has an unpaid and unsatisfied principal balance of $1,186,533.25, together with Award interest of $719.18 per day from July 24, 2026 through the date of entry of judgment;

F. Award post-judgment interest under 28 U.S.C. § 1961 from the date of entry of judgment until paid in full;

G. Award Plaintiff his taxable costs and grant such other and further relief as is just and proper.

Respectfully submitted,

/s/ J. Christopher Wehrle
J. Christopher Wehrle, 45592MO
WEHRLE LAW LLC
2601 S. Hanley Rd.
St. Louis, Missouri 63144
(314) 272-4113
(314) 272-4107 Facsimile
chris@wehrlelaw.com

Attorney for Plaintiff Thomas H. Ratliff

Exhibit A

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

Claimant                                                          Case Number: 24-01024
Thomas H. Ratliff

     vs.

Respondents                                                   Hearing Site: Nashville, Tennessee
Wells Fargo Clearing Services, LLC
and Thomas K. Brandstater

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Associated Person vs. Member and Associated Person

## REPRESENTATION OF PARTIES

For Claimant Thomas H. Ratliff ("Claimant"): J. Christopher Wehrle, Esq., Wehrle Law LLC, St Louis, Missouri.

For Respondent Wells Fargo Clearing Services, LLC ("WFCS"): Katharine Y. Barnes, Esq., McGuireWoods LLP, Charlotte, North Carolina.

Respondent Thomas K. Brandstater ("Brandstater") was represented by counsel until November 19, 2024. Thereafter, Brandstater appeared pro se.

## CASE INFORMATION

Statement of Claim filed on or about: May 10, 2024.
Statement of Answer to Counterclaim filed on or about: July 30, 2024.
Amended Statement of Claim filed on or about: July 31, 2024.
Claimant signed the Submission Agreement: May 11, 2024.

Statement of Answer and Counterclaim filed by WFCS on or about: July 3, 2024.
Statement of Answer to Amended Statement of Claim and Counterclaim filed by WFCS on or about: August 20, 2024.
WFCS signed the Submission Agreement: July 1, 2024.

Statement of Answer to Amended Statement of Claim filed by Brandstater on or about: August 20, 2024.
Brandstater signed the Submission Agreement: September 10, 2024.

FINRA Dispute Resolution Services
Arbitration No.  24-01024
<u>Award Page 2 of 8</u>

## **CASE SUMMARY**

In the Statement of Claim, as amended, Claimant asserted the following causes of action: defamation and libel, interference with business relationships, retaliatory discharge, and collection of loan. The causes of action relate to Claimant's termination from WFCS following his discovery and reporting of violations concerning the mishandling of client accounts and the succession book arrangement, which he alleged WFCS retaliated against by discharging him on a pretextual basis and filing a defamatory Form U-5. Claimant's allegations further encompass WFCS's alleged knowing interference with Claimant's client relationships and Brandstater's failure to repay a $70,000.00 loan provided to help establish the succession book.

Unless specifically admitted in the Statement of Answer and Counterclaim to Amended Statement of Claim, WFCS denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses. In the Counterclaim, WFCS asserted a cause of action for breach of contract. The cause of action relates to WFCS' allegation that, in connection with his affiliation with WFCS, Claimant executed promissory notes dated August 7, 2018, October 30, 2019, September 15, 2020, December 18, 2020, June 1, 2021, and November 19, 2021 ("Promissory Notes"), and when his employment with WFCS ended, the balance under the Promissory Notes became immediately due and payable.

Unless specifically admitted in the Statement of Answer to Counterclaim, Claimant denied the allegations made in Counterclaim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Brandstater denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

## **RELIEF REQUESTED**

In the Statement of Claim, as amended, Claimant requested that the Panel find in his favor and against WFCS and award him damages in an amount of not less than $3,000,000.00, plus punitive damages, attorneys' fees, and costs and expenses of this action; that the Panel find in favor of Claimant and against Brandstater in the amount of $70,000.00, plus interest as appropriate, attorneys' fees, and costs and expenses of this action; expungement of the Form U-5 filed by WFCS, as part of registration records maintained by the Central Registration Depository ("CRD"); and for other relief as is just and adequate.

In the Statement of Answer to Amended Statement of Claim and Counterclaim, WFCS requested that the Panel dismiss Claimant's Amended Statement of Claim, with prejudice; an award in its favor against Claimant, including, but not limited to, an award of compensatory damage, pre-judgment and post-judgment interest, attorneys' fees and costs as determined by the Panel; and any additional relief the Panel deems just and appropriate.

In the Statement of Answer to Counterclaim, Claimant requested that the Panel deny WFCS' Counterclaim in its entirety, award to Claimant his attorneys' fees and costs, and for other relief as is just and adequate.

FINRA Dispute Resolution Services
Arbitration No. 24-01024
<u>Award Page 3 of 8</u>

In the Statement of Answer to Amended Statement of Claim, Brandstater requested that the Panel dismiss all claims against him, enter judgment in his favor, tax all costs of this arbitration to Claimant, and award him all other relief to which he may be entitled.

At the hearing, Claimant requested a net amount of $44,560,021.00 against WFCS. Claimant's request for damages against Brandstater remained unchanged.

At the hearing, WFCS requested damages in the amount of $1,007,719.27.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On April 25, 2026, Claimant filed a Motion for Sanctions against WFCS pursuant to FINRA Rules 13212 and 13511 of the Code of Arbitration Procedure ("Code"). On May 5, 2026, WFCS filed an Opposition to Claimant's Motion for Sanctions and Cross-Motion for Sanctions Against Claimant. On May 6, 2026, Claimant filed a Reply to WFCS's Opposition to Claimant's Motion for Sanctions. In an Order dated May 12, 2026, the Chairperson ordered Claimant's Motion for Sanctions and WFCS' Cross-Motion for Sanctions to be heard by the full Panel following opening statements on the first day of the evidentiary hearing. During the course of the evidentiary hearing, the parties did not re-raise Claimant's Motion for Sanctions and Respondent's Cross-Motion for Sanctions Against Claimant. Therefore, the Panel has determined that the motions are moot.

On May 14, 2026, Claimant filed an Emergency Motion for Adverse Inferences and Sanctions Against WFCS. On May 14, 2026, the Chairperson directed Claimant to introduce the Emergency Motion for Adverse Inferences and Sanctions Against WFCS at the commencement of the hearing. During the course of the evidentiary hearing, the parties did not re-raise the Emergency Motion for Adverse Inferences and Sanctions. Therefore, the Panel has determined the motion is moot.

During the evidentiary hearing, after Claimant's case-in-chief, WFCS made an oral Motion for Directed Verdict on the alleged grounds that Claimant failed to meet his burden of proof and based on admissions made by Claimant during his testimony. Claimant opposed the Motion for Directed Verdict based on the totality of the evidence and the expected examination of Respondent's witnesses. On the record, the Panel denied the Motion for Directed Verdict.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. WFCS is liable for and shall pay to Claimant the sum of $3,000,000.00 in compensatory damages. The compensatory damages awarded to Claimant may be set off by the award in favor of WFCS on the promissory note counterclaim to satisfy that counterclaim award.

FINRA Dispute Resolution Services
Arbitration No.  24-01024
<u>Award Page 4 of 8</u>

2.  WFCS is liable for and shall pay to Claimant interest on the above-stated sum at the Tennessee statutory judgment rate of 8.75% per annum from the date the Award is served through and including the date WFCS pays the Award in full.

3.  Brandstater is liable for and shall pay to Claimant the sum of $38,154.00 in compensatory damages.

4.  Brandstater is liable for and shall pay to Claimant interest on the above-stated sum at the Tennessee statutory judgment rate of 8.75% per annum from the date the Award is served through and including the date Brandstater pays the Award in full.

5.  Claimant is liable for and shall pay to WFCS the sum of $1,007,719.27 in compensatory damages, consisting of $903,556.30 (principal balance) and $104,162.97 in pre-award interest.

6.  Claimant is liable for and shall pay to WFCS interest on the above-stated sum for the principal balance ($903,556.30) at the following rate for each note:

> Promissory Note dated August 6, 2018 – 5.91% per annum
> Promissory Note dated September 1, 2019 – 5.19% per annum
> Promissory Note dated September 1, 2020 – 4.00% per annum
> Promissory Note dated September 1, 2020/signed December 18, 2020 – 4.00% per annum
> Promissory Note dated June 1, 2021 – 5.06% per annum
> Promissory Note dated October 1, 2021 – 4.72% per annum

The post-award interest accrues only upon the remaining principal of each Promissory Note and not on accrued interest from and after the date of the Award. Interest shall be paid by Claimant from the date the Award is served through and including the date of the full payment of the Award by Claimant to WFCS, or the date that WFCS notifies Claimant that it agrees to set off its award of damages against the money owed to Claimant (i.e., reducing Claimant's award by such counterclaim award of damages).

7.  Claimant is liable for and shall pay to WFCS the sum of $6,000.00 in attorneys' fees pursuant to the terms and conditions of the Promissory Notes that obligate Claimant to pay attorneys' fees and costs upon default.

8.  Claimant is liable for and shall pay to WFCS the sum of $1,350.00 in costs for the non-refundable portion of the counterclaim filing fee previously paid to FINRA Dispute Resolution Services.

9.  The Panel recommends the expungement of the Reason for Termination and Termination Explanation in Section 3 of Thomas H. Ratliff's (CRD Number 5322567) Form U5 filed by Wells Fargo Clearing Services, LLC (CRD Number 19616) on January 31, 2024, and maintained by the CRD". The Reason for Termination shall be changed to "Other", and the Termination Explanation shall be deleted in its entirety and replaced with the following language: "The FA and his partner entered into a succession agreement and informal partnership that was to deal with their compensation and division of labor for handling mortgage sourcing and assets. Over time, they had significant, unresolvable disputes

FINRA Dispute Resolution Services
Arbitration No.  24-01024
<u>Award Page 5 of 8</u>

concerning their partnership. Therefore, it was in the best interest of the firm to end the arrangement by only retaining the asset business of that partnership. There was neither an adverse impact on nor damages to any customers." This directive shall apply to all references to the Reason for Termination and Termination Explanation.

The Panel further recommends the expungement of all references to Occurrence Number 2319473 from the registration records maintained by the CRD for Thomas H. Ratliff. Any "Yes" answers should be changed to "No," as applicable.

The Panel recommends expungement based on the defamatory nature of the information. The above recommendations are made with the understanding that the registration records are not automatically amended. Thomas H. Ratliff must forward a copy of this Award to FINRA's Credentialing, Registration, Education and Disclosure Department for review.

10. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages, are denied.

## **FEES**

Pursuant to the Code, the following fees are assessed:

**<u>Filing Fees</u>**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 2,025.00 |
| Counterclaim Filing Fee | =$ 2,650.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

**<u>Member Fees</u>**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, WFCS is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 3,200.00 |
| Member Process Fee | =$ 6,375.00 |

**<u>Postponement Fees</u>**
Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| August 26-28, 2025, postponement requested by the parties | =$    1,435.00 |
| April 14-16, 2026, postponement requested by WFCS | =$    1,435.00 |
| Total Postponement Fees | =$    2,870.00 |

The Panel has assessed $1,435.00 of the postponement fees to Claimant.

FINRA Dispute Resolution Services
Arbitration No.  24-01024
<u>Award Page 6 of 8</u>

The Panel has assessed $1,435.00 of the postponement fees jointly and severally to Respondents.

## Discovery-Related Motion Fees
Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| One (1) decision on a discovery-related motion on the papers with one (1) Arbitrator @ $200.00/decision | =$ | 200.00 |
| One (1) decision on a discovery-related motion on the papers with the Panel @ $600.00/decision | =$ | 600.00 |
| Claimant submitted two (2) discovery-related motions | | |

| | | |
|---|---|---|
| Total Discovery-Related Motion Fees | =$ | 800.00 |

The Panel has assessed $300.00 of the discovery-related motion fees to Claimant.

The Panel has assessed $300.00 of the discovery-related motion fees jointly and severally to Respondents.

The Panel has assessed $200.00 of the discovery-related motion fees to WFCS.

## Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| One (1) pre-hearing session with the Panel @ $1,435.00/session | | =$ | 1,435.00 |
| Pre-Hearing Conference:  September 5, 2024 | 1 session | | |
| Eight (8) hearing sessions @ $1,435.00/session | | =$ | 11,480.00 |
| Hearings: May 19, 2026 | 2 sessions | | |
| May 20, 2026 | 2 sessions | | |
| May 21, 2026 | 2 sessions | | |
| May 22, 2026 | 2 sessions | | |

| | | |
|---|---|---|
| Total Hearing Session Fees | =$ | 12,915.00 |

The Panel has assessed $6,457.50 of the hearing session fees to Claimant.

The Panel has assessed $717.50 of the hearing session fees jointly and severally to Respondents.

The Panel has assessed $4,592.00 of the hearing session fees to WFCS.

The Panel has assessed $1,148.00 of the hearing session fees to Brandstater.

FINRA Dispute Resolution Services
Arbitration No.  24-01024
<u>Award Page 7 of 8</u>

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

FINRA Dispute Resolution Services
Arbitration No.  24-01024
<u>Award Page 8 of 8</u>

## <u>ARBITRATION PANEL</u>

John P. Cullem                    -          Public Arbitrator, Presiding Chairperson
Stephen R. Mitchell              -          Public Arbitrator
George Michael Cross             -          Non-Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## <u>Concurring Arbitrators' Signatures</u>

| *John P. Cullem* | 06/16/2026 |
|---|---|
| John P. Cullem | Signature Date |
| Public Arbitrator, Presiding Chairperson | |

| *Stephen R. Mitchell* | 06/16/2026 |
|---|---|
| Stephen R. Mitchell | Signature Date |
| Public Arbitrator | |

| *George Michael Cross* | 06/16/2026 |
|---|---|
| George Michael Cross | Signature Date |
| Non-Public Arbitrator | |

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

June 16, 2026
Date of Service (For FINRA Dispute Resolution Services use only)

Exhibit B

## **FINRA ARBITRATION** Submission Agreement

## Claimant(s)

### In the Matter of the Arbitration Between

Name(s) of Claimant(s)
Thomas H. Ratliff

**and**

Name(s) of Respondent(s)
Wells Fargo Clearing Services, LLC

Thomas K. Brandstater

1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and **Code of Arbitration Procedure**.

2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA **Code of Arbitration Procedure**.

4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Thomas H. Ratliff
Claimant Name (please print)

*Thomas H. Ratliff*                                                                                          05/11/24
Thomas H. Ratliff (May 10, 2024 12:11 CDT)
Claimant's Signature                                                                                         Date
State capacity if other than individual (*e.g.,* executor, trustee or corporate officer)


Claimant Name (please print)


Claimant's Signature                                                                                         Date
State capacity if other than individual (*e.g.,* executor, trustee or corporate officer)

**If needed, copy this page.**

22

# Ratliff-WF-Sub Agmt

Final Audit Report                                                    2024-05-10

| | |
|---|---|
| Created: | 2024-05-10 |
| By: | J. Christopher Wehrle (jcwehrle15@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAfC-6QGPorwn-dQyfksXoc46pT6_RIee8 |

## "Ratliff-WF-Sub Agmt" History

📄 Document created by J. Christopher Wehrle (jcwehrle15@gmail.com)
2024-05-10 - 5:09:37 PM GMT- IP address: 172.221.182.197

✉ Document emailed to Thomas H. Ratliff (thomas.h.ratliff@gmail.com) for signature
2024-05-10 - 5:09:40 PM GMT

📄 Email viewed by Thomas H. Ratliff (thomas.h.ratliff@gmail.com)
2024-05-10 - 5:09:48 PM GMT- IP address: 66.249.88.2

✒ Document e-signed by Thomas H. Ratliff (thomas.h.ratliff@gmail.com)
Signature Date: 2024-05-10 - 5:11:44 PM GMT - Time Source: server- IP address: 108.88.21.92

✔ Agreement completed.
2024-05-10 - 5:11:44 PM GMT

Exhibit C

# FINRA.

**FINRA ARBITRATION Submission Agreement**

In the Matter of the Arbitration Between

<u>Name(s) of Claimant(s)</u>

Thomas H Ratliff

24-01024

<u>Name(s) of Respondent(s)</u>

Thomas Kenneth Brandstater
Wells Fargo Clearing Services, LLC

1.  The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2.  The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3.  The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of FINRA Dispute Resolution Services or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4.  The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

Investor protection. Market integrity.    FINRA Dispute Resolution Services    Boca Center Tower 1       t  561 416 0277
                                          Southeast Regional Office            5200 Town Center Circle   www.finra.org
                                                                              Suite 200
                                                                              Boca Raton, FL
                                                                              33486-1017

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Katie Barnes  counsel for WFCS, LLC                    7/1/24

Wells Fargo Clearing Services, LLC                                      Date
State Capacity if other than individual (e.g., executor, trustee, corporate officer)


LC43A: SUBMISSION AGREEMENT
idr: 08/18/2021

RECIPIENTS:
Jeffrey W. Coverdell, Wells Fargo Clearing Services, LLC
Wells Fargo Clearing Services, LLC, One North Jefferson Avenue, 12Th Floor, Mac H0004-123,
    St. Louis, MO 63103-2205



| | | |
|---|---|---|
| **Remitter:**<br>WELLS FARGO CLEARING SVCS, LLC<br>ONE NORTH JEFFERSON ST<br>ST. LOUIS MO 63103 | **Payor:**<br>WELLS FARGO BANK, N.A.<br>4TH AND PLUM STREETS<br>RED WING MN 55066<br>1-800-794-1522<br>75-46/919 | **1011293864**<br><br>Exhibit D |

| | Date | 7/17/2026 | Pay Amount | $26,609.60*** |
|---|---|---|---|---|

**Pay** ****TWENTY-SIX THOUSAND SIX HUNDRED NINE AND 60/100 DOLLAR ****

**To The Order Of** THOMAS H RATLIFF

*Munina S Can*

Authorized Signature

⑈1011293864⑈

| | | |
|---|---|---|
| WELLS FARGO & COMPANY, MINNEAPOLIS, MINNESOTA 55479 - ANY QUESTIONS: CALL 800-794-1522 | | Check No: 1011293864 |

| Company | Invoice Number | Invoice Date | Voucher ID | Gross Amount | Discount Available | Paid Amount |
|---|---|---|---|---|---|---|
| WF CL SVCS | WF2023029181 | 7/16/2026 | 06258123 | 26,609.60 | 0.00 | 26,609.60 |

| Vendor Number | Name | | Total Discounts | |
|---|---|---|---|---|
| 0001299392 | THOMAS H RATLIFF | | $0.00 | |

| Check Number | Date | Total Amount | Discounts Taken | Total Paid Amount |
|---|---|---|---|---|
| 1011293864 | 7/17/2026 | $26,609.60 | $0.00 | $26,609.60 |

HARLAND CLARKE  WF0027  40177739

CFG3525 (07/19)

Global Payroll Services
Wells Fargo Corporate HR
N9310-11B
550 S 4th ST
Minneapolis, MN 55415-1529

July 17, 2026

Q9HFCSSDFY 000004 SP 01

 Thomas Ratliff

Dear Thomas Ratliff

Your current payslip details are on the back of this page.

Why scramble to get your paycheck to the bank or worry about misplacing it? Sign up for Direct Deposit and enjoy the convenience of having your pay immediately available.

To sign up for direct deposit, go to Manage Direct Deposit under HR Tools, which can be accessed from HR Center on Teamworks or Teamworks at Home (teamworks.wellsfargo.com). All you need is the nine-digit routing number and your account number. You may direct your pay to a Wells Fargo checking or savings account, or to an account at any other financial institution. You can also add more than one account, up to three total.

For more information, visit About Direct Deposit on the HR Services & Support site.

You can also view your current and past payslips under HR Tools. Pay information is private and secure, and is available online two days before each payday.

If you have any questions, call Employee Care at 1-877-HRWELLS (1-877-479-3557).

---

**THIS CHECK CONTAINS MULTIPLE FRAUD DETERRENT SECURITY FEATURES**

Wells Fargo Clearing Services, LLC
550 S 4th Street
Minneapolis, MN 55415

Wells Fargo Bank, N.A.
115 Hospital Drive
Van Wert, OH 45891

90-0382/0412

Check No: 9793
Date: 07/17/2026

**Pay Exactly** **Seven Hundred Ninety Five Thousand Two Hundred and 95/100**

**Amount**
**$795,200.95**

TO THE
ORDER
OF

Thomas Ratliff

VOID AFTER 90 DAYS



⑈00000097931⑈

Wells Fargo Clearing Services, LLC 550 S 4th Street Minneapolis, MN 55415

| Name | Company | Employee ID | Pay Period Begin | Pay Period End | Check Date | Check Number |
|---|---|---|---|---|---|---|
| Thomas Ratliff | Wells Fargo Clearing Services, LLC | ▮▮▮ | 07/12/2026 | 07/25/2026 | 07/17/2026 | 9793 |

| | Hours Worked | Gross Pay | Pre Tax Deductions | Employee Taxes | Post Tax Deductions | Net Pay |
|---|---|---|---|---|---|---|
| Current | 0 | 3,000,000.00 | 0.00 | 1,186,533.25 | 1,018,265.80 | 795,200.95 |
| YTD | 0 | 3,000,000.00 | 0.00 | 1,186,533.25 | 1,018,265.80 | 795,200.95 |

### Earnings

| Description | Dates | Hours | Rate | Amount | YTD Hours | YTD Amount |
|---|---|---|---|---|---|---|
| Back Wage Settlemen | 07/12/2026 - 07/25/2026 | 0 | 0.00 | 3,000,000.00 | 0 | 3,000,000.00 |
| Earnings | | | | 3,000,000.00 | | 3,000,000.00 |

### Employee Taxes

| Description | Amount | YTD |
|---|---|---|
| OASDI | 11,439.00 | 11,439.00 |
| Medicare | 68,700.00 | 68,700.00 |
| Federal Withholding | 1,106,394.25 | 1,106,394.25 |
| Employee Taxes | 1,186,533.25 | 1,186,533.25 |

### Pre Tax Deductions

| Description | Amount | YTD Amount |
|---|---|---|
| Pre Tax Deductions | 0.00 | 0.00 |

### Post Tax Deductions

| Description | Amount | YTD |
|---|---|---|
| Note Principal (Post-Tax) (1ENC) | 914,102.83 | 914,102.83 |
| Note Interest (Post Tax) (1ENC) | 104,162.97 | 104,162.97 |
| Post Tax Deductions | 1,018,265.80 | 1,018,265.80 |

### Employer Paid Benefits + Differentials Included in Pay

| Description | Amount | YTD Amount |
|---|---|---|
| Employer Paid Benefits + Differentials Included | 0.00 | 0.00 |

### Taxable Wages

| Description | Amount | YTD |
|---|---|---|
| OASDI - Taxable Wages | 184,500.00 | 184,500.00 |
| Medicare - Taxable Wages | 3,000,000.00 | 3,000,000.00 |
| Federal Withholding - Taxable Wages | 3,000,000.00 | 3,000,000.00 |

| | Federal | State |
|---|---|---|
| Marital Status | Married filing jointly (or Qualifying widow(er)) | |
| Allowances | 0 | 0 |
| Additional Withholding | 0 | |

04WFG133612 (000088 Rev 05)

000014

64849328

64849328

☐ CHECK HERE IF MOBILE DEPOSIT
DO NOT WRITE, SIGN OR STAMP BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

ENDORSE HERE

Exhibit E

 **Outlook**

---

**RE: Award Payment**

---

**From** McDonald, John G. <JMcDonald@mcguirewoods.com>
**Date** Fri 7/10/2026 11:30 AM
**To** Chris Wehrle <chris@wehrlelaw.com>
**Cc** Barnes, Katharine Y. <kbarnes@mcguirewoods.com>

Chris,

I just left you a voice mail message.

Wells Fargo is willing to agree to treat the award as non-wage damages provided your client executes a basic tax indemnification. I can send a draft later today or over the weekend, but I am thinking this is a simple acknowledgement that the payment is pursuant to the Award in an arbitration that included claims for non-wage damages, that Tom agrees he is responsible for any taxes on the payment, and that he indemnifies Wells Fargo for any issues related to the tax treatment of the payment. Given the position you advocate below, I don't believe this should be controversial or a problem.

Also, for Wells Fargo to process the payment it needs to have a current W-9 signed by Tom. It needs to have a wet signature. We can accept a PDF of the signed W-9.

I will know by Monday whether Wells Fargo is going to offset the amount owed by Tom or whether it will be paying the full amount and then requiring Tom to pay his portion directly.

Please give me call on my cell – 704-293-5362 – if you want to discuss.

John

**John G. McDonald**
Partner
McGuireWoods LLP
T:  +1 704 343 2276 | M: +1 704 293 5362
jmcdonald@mcguirewoods.com

---

**From:** Chris Wehrle <chris@wehrlelaw.com>
**Sent:** Friday, July 10, 2026 8:55 AM
**To:** McDonald, John G. <JMcDonald@mcguirewoods.com>
**Cc:** Barnes, Katharine Y. <kbarnes@mcguirewoods.com>
**Subject:** Award Payment

---

**EXTERNAL EMAIL; use caution with links and attachments**

---

John:

I appreciate your time yesterday to discuss this matter.

Exhibit F

 **Outlook**

## RE: 24-01024 Thomas H. Ratliff vs. Wells Fargo Clearing Services, LLC and Thomas Kenneth Brandstater

**From** Barnes, Katharine Y. <kbarnes@mcguirewoods.com>
**Date** Wed 7/15/2026 1:57 PM
**To** Chris Wehrle <chris@wehrlelaw.com>
**Cc** McDonald, John G. <JMcDonald@mcguirewoods.com>

Chris:  Wells Fargo's payment details are below in the email we just sent to FINRA.  After consulting with its tax advisors, Wells Fargo's position is that it must withhold taxes on the Award based on the claims at issue, the evidence and argument present during the arbitration hearing, and the position taken in your closing argument on behalf of Mr. Ratliff.  As mentioned in the email to FINRA, Wells Fargo is including seven extra days of interest accrual in the payment to Mr. Ratliff as a showing of good faith for the time between Wells Fargo sending the check to Mr. Ratliff's receipt of the same.

As for his brokerage account, Wells Fargo has requested that the hold on the account be released internally—I am not sure how long this takes—but will follow up on the timing should Mr. Ratliff not have access tomorrow.

Thank you,
Katie

**Katharine Y. ("Katie") Barnes**
Associate
McGuireWoods LLP
T:  +1 704 343 2061 | M: +1 843 446 2946
kbarnes@mcguirewoods.com

Exhibit G



**Marni Boyd**
Senior Business Execution
Administrator

**Employment & Investigation
Wells Fargo Legal Department**
MAC H0004-101
1 North Jefferson Ave
10th Floor
Saint Louis, MO 63103

Tel: 314-875-8585
Marni.L.Boyd@wellsfargo.com

July 20, 2026

**_VIA Overnight Mail_**

J. Christopher Wehrle
Wehrle Law LLC
2601 S Hanley Rd
St Louis, MO 63144

**RE:    Ratliff, Thomas v. Wells Fargo Clearing Services, LLC 24-01024**

Dear Christopher,

Pursuant to the award granted in the above matter, please find the following:

- Wells Fargo Bank, N.A. (WFB, N.A.) Payroll Check No. 9793 made payable to Thomas Ratliff in the amount of $795,200.95 ($3,000,000.00 less withholdings); and

  WFB, N.A. Check No. 1011293864 in the amount of $26,609.60 made payable to Thomas H Ratliff.

Thank you,

_Marni L Boyd_
Marni L. Boyd
Senior Business Execution Administrator
Wells Fargo Legal Department

© 2026 Wells Fargo and Company .

Exhibit H

**EXHIBIT H**
**RECONCILIATION OF AWARD AND CREDITS**

| Item | Amount | Source / Treatment |
|---|---|---|
| Compensatory Award | $3,000,000.00 | Award ¶ 1 |
| Less: setoff credited solely for this Motion | ($1,018,265.80) | Payroll statement, Ex. D; no concession as to component characterization |
| Less: Payroll Check No. 9793 credited solely for this Motion | ($795,200.95) | Full face amount credited without accepting payroll characterization |
| **Unpaid principal Award balance** | **$1,186,533.25 =** | **$3,000,000.00 − $1,018,265.80 − $795,200.95** |

**Award interest. The separate $26,609.60 Check No. 1011293864 is credited as Award interest through July 23, 2026. Award interest resumes on July 24, 2026 at $719.18 per day—8.75% per annum on the $3,000,000.00 principal sum ($3,000,000.00 × 0.0875 ÷ 365 = $719.18)—which the Award directs to run "through and including the date WFCS pays the Award in full," and continues through entry of judgment.**

**Scope.** This exhibit gives WFCS every setoff and check credit Plaintiff elects to give solely for purposes of the Motion. It does not ask the Court to determine the Award's ultimate tax characterization.