**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS H. RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-CV-1219 SRW |
| | ) | |
| WELLS FARGO CLEARING SERVICES, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Confirm the Arbitration Award (ECF No. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). The Court will grant the Motion.

## I. BACKGROUND

Plaintiff is a former employee of Defendant who Defendant terminated in 2024. A few months after his termination, Plaintiff initiated an arbitration with the Financial Industry Regulatory Authority's ("FINRA") Office of Dispute Resolution. Plaintiff asserted various claims and Defendant filed a counterclaim. The parties participated in a four-day hearing before an arbitration panel. On June 16, 2026, the panel issued a decision awarding $3 million in compensatory damages to be offset by the amount awarded to Defendant on its counterclaim. In July, Plaintiff received two checks from Defendant in the amounts of $26,609.60 (for post-award interest) and $795,200.95 (for compensatory damages). Defendant subtracted the amount Plaintiff owed Defendant and employment-tax withholdings to arrive at those numbers.

## II. STANDARD

"The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides for expedited judicial review to confirm, vacate or modify arbitration awards." *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 578 (2008). "Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11. *Id.* at 582. Once confirmed, an award has "the same force and effect, in all respects, as, and [is] subject to all the provisions of law relating to, a judgment in an action." 9 U.S.C. § 13. "Congress did not authorize de novo review of such an award on its merits; it commanded that when the exceptions do not apply, a federal court has no choice but to confirm." *UHC Mgmt. Co. v. Computer Scis. Corp.*, 148 F.3d 992, 997 (8th Cir. 1998) (internal quotation marks omitted).

The FAA does not create federal jurisdiction. *Jules v. Andre Balazs Props.*, 608 U.S. 200, 205 (2026). Thus, in an action to confirm an arbitration award, there must be some independent jurisdictional basis, such as diversity jurisdiction. *Id.*

## III. DISCUSSION

The Court has jurisdiction in this matter because the parties are citizens of different states and the amount of the arbitration award exceeds $75,000. 28 U.S.C. § 1332(a). Both parties agree the arbitration award should be confirmed, but they disagree as to what confirmation entails. Plaintiff argues the Court should confirm the award and enter judgment in favor of Plaintiff against Defendant for $3 million, credit the amount of the setoff Defendant was awarded for an unpaid promissory note, and find that Defendant should not have withheld employment taxes from the final amount. Defendant asserts the Court must confirm the award as is and cannot adjudicate post-award payment disputes or tax controversies.

In *J.B. Hunt Transport, Inc. v. BNSF Railway Company*, 9 F.4th 663, the Eighth Circuit discussed the scope of a court's authority when confirming an arbitration award. 9 F.4th 663 (8th

Cir. 2021). The parties disputed the defendant's obligations to plaintiff under the award and the district court analyzed the award to determine what the award required. *Id*. at 667. The defendant argued this constituted a modification of the award, but the Eighth Circuit disagreed finding that the plaintiff's request to clarify the award's obligations was akin to a request for a declaratory judgment, which the district court had the power to decide once it confirmed the award. *Id*. at 668-69.

To support this conclusion, the Eighth Circuit cited to *RGA Reinsurance Company v. Ulico Casualty Company*, wherein the Eighth Circuit held that the district court properly characterized its proceedings as a confirmation of an award, not a modification, when it determined whether a party was entitled to an offset or credit to the amount owed under the arbitration award. 355 F.3d 1136, 1138. The Eighth Circuit found that a court may confirm an award by crafting specific relief consistent with the intent of the arbitrators. *Id*. at 1139. In *RGA*, that meant "the district court was within its authority to award an amount certain for credits due to [the party] that were contemplated (but not specifically calculated) in the arbitration award." *Id*. at 1140.

The Court believes this situation is akin to *J.B. Hunt* and *RGA*. Plaintiff is asking the Court to confirm the award and to determine the specific relief owed Plaintiff consistent with the intent of the arbitration panel. The question for the Court then is whether Defendant may withhold employment taxes from the award. A few district courts have addressed this issue specifically in reference to arbitration awards.

The facts of *Hudson v. Merrill Lynch International Finance Inc.*, 2012 WL 5877960 (E.D. La. Nov. 20, 2012) are almost exactly the same as the facts in this matter. The plaintiff's employment with the defendant was terminated and the plaintiff initiated an arbitration with

FINRA. *Id*. at *1. The panel ordered the defendant to pay the plaintiff compensatory damages offset by the amount of an unpaid promissory note owed by the plaintiff to the defendant. *Id*. at *2. The defendant withheld employment taxes when it paid the plaintiff the award asserting that it was required to withhold the taxes because the damages award was for wages. *Id*. The court found that the award was not ambiguous, stating "ambiguity in the reasons for the award must not be mistaken for ambiguity in the award itself." *Id*. at *3. The award stated the defendant must pay damages in a certain amount and made no mention of withholdings or tax obligations. *Id*. Therefore, the defendant must pay the full amount of the award without any withholdings. *Id*.

Similarly, in *Barker v. Halliburton Co.*, an arbitration panel awarded the plaintiff backpay and future pay for her Title VII claims. 2010 WL 1791107 at *1 (S.D. Tex. May 4, 2010). As in this matter and *Hudson*, the defendant withheld federal taxes from the final amount of the award. *Id*. The court found that the award did not include any mention of tax withholdings; therefore, defendant owed the full amount of the arbitration award to the plaintiff and was not entitled to withhold any amount for taxes. *Id*. The court in *Pyne v. IMG College, LLC*, also held that the plaintiff was entitled to the full payment of the arbitration award because the award did not mention the issue of taxes. 2014 WL 5810981 at *3 (M.D. Fla. Nov. 7, 2014). That court found that the defendant's withholding of taxes was an "impermissible, unilateral modification of the arbitration award," and the issue could have been resolved through a clarification with the arbitration panel but the parties did not do so. *Id*. at *4.

Defendant cites several cases that hold taxes must be withheld from a judgment due to the possible penalties an employer can face for not doing so and any potential windfall that may come to a plaintiff from a defendant who withheld taxes and then was also required to pay the full amount of the award. *See Noel v. N.Y. State Office of Mental Health Cent. N.Y. Psychiatric*

*Ctr.*, 697 F.3d 209, 215 (2d Cir. 2012); *Cheetham v. CSX Transp.*, 2012 WL 1424168 at *8 (M.D. Fla. Feb. 13, 2012); *Archie v. Grand Cent. P'ship, Inc.*, 86 F. Supp. 2d 262, 273 (S.D.N.Y. 2000); *Ozkaptan v. Citigroup, Inc.*, 2020 WL 6546239 at *3-4 (S.D.N.Y. Nov. 6, 2020). However, these cases were not factually on point with this matter because they either were not addressing arbitration award or they involved statutes other than just the FAA. *Noel*, 697 F.3d at 211 (a jury awarded the plaintiff damages on Title VII claims); *Cheetham*, 2012 WL 1424168 at *1 (a jury awarded the plaintiff damages on FMLA claims); *Archie*, 86 F. Supp. 2d at 264 (a judge awarded the plaintiff damages on FLSA claims); *Ozkaptan*, 2020 WL 6546239 at *1 (an arbitration panel awarded the plaintiff damages under the FAA and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards). Thus, the Court finds the cases addressing the withholding of taxes and arbitration awards specifically more persuasive.

Like in *Hudson*, *Barker*, and *Pine*, the arbitration award made no mention of the withholding of taxes. Neither did the award classify it as "wages." It states, "[Defendant] is liable for and shall pay to [Plaintiff] the sum of $3,000,000.00 in compensatory damages. The compensatory damages awarded to [Plaintiff] may be set off by the award in favor of [Defendant]…" ECF No. 1, at 11. Therefore, the Court finds Plaintiff is entitled to the full amount of the award, without taxes withheld, and credited with the amount Plaintiff owes Defendant under the award and the amounts Defendant has already paid. The award also states Defendant is liable to Plaintiff for interest at 8.75% per annum until the award is paid in full. *Id.* at 12.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Confirm the Arbitration Award (ECF No. 1) is **GRANTED**. A separate Judgment in accordance with this Memorandum and Order will be entered on this date.

So Ordered this 6th day of November, 2026.

**STEPHEN R. WELBY**
**UNITED STATES MAGISTRATE JUDGE**